NOT DESIGNATED FOR PUBLICATION

No. 121,648

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HANAYA S. MILLS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed April 17, 2020. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Hanaya Mills received probation following her guilty plea and conviction for possession of marijuana, with a 14-month underlying prison sentence if her probation was ever revoked. Mills violated several conditions of her probation. Among other things, she tested positive for drug use, did not complete substance-abuse and mental-health treatments, and missed meetings with her probation officer. She asked the district court to find that revoking probation and imposing a reduced prison sentence would best serve her welfare. The court agreed, revoking her probation and imposing a reduced 12-month prison sentence. Mills appeals, making the curious claim that the court abused its discretion in revoking her probation, an outcome to the proceedings that she apparently asked for. On Mills' motion, we accepted this appeal for summary disposition

1

under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47).

The State counters that Mills' appeal is moot because she has now served her prison sentence. Without an actual controversy, any opinion we issue would not affect the rights of the parties. When the record conclusively shows that the parties' dispute has ended, we usually dismiss the case as moot to avoid rendering an advisory opinion. And while we occasionally decide a moot issue of public importance that is capable of repetition in other cases, neither party suggests this exception applies here. *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012).

Mills acknowledges that her appeal no longer presents an active dispute because she challenges the district court's decision to impose a prison sentence that she has finished serving. See 295 Kan. at 844 ("We cannot change the sanction imposed for the probation violation because the prison term that [the defendant] was ordered to serve has been completed."). Any opinion we issue about the appropriateness of that decision would not affect Mills' rights, so her appeal is moot and we will not consider it.

Besides, the district court had discretion to revoke probation once a violation had been established. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). That discretion is limited by a statute that allows the district court to revoke probation and impose the underlying prison sentence if the defendant's welfare would not be served by intermediate sanctions. K.S.A. 2018 Supp. 22-3716(c)(9)(A). The district court followed that provision when it accepted Mills' recommendation that imposing a reduced prison sentence would best serve her welfare. Moreover, there was nothing unreasonable about the court's decision to revoke Mills' probation. Mills had already received a three-day jail sanction for missing probation and treatment appointments. A reasonable person could agree with the district

2

court that the second violation showed she was not taking probation seriously and was not a good candidate for probation.

Appeal dismissed.